UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

Miroslava Corcho
and other similarly
situated individuals,

    Plaintiff(s),

v.

Accredited Home Health
Care of Broward, Inc.
a/k/a One at Home
a/k/a Onehome

    Defendant,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Miroslava Corcho, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Accredited Home Health Care of Broward, Inc. a/k/a One At Home, a/k/a Onehome, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages under United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Miroslava Corcho is a resident of Dade County, working in Broward County, Florida, within the jurisdiction of this Honorable Court and is otherwise sui juris. For purposes of the Act, she is a covered employee.

3. Defendant Accredited Home Health Care of Broward, Inc. a/k/a One At Home, a/k/a Onehome (from now One At Home, or Defendant) is a Florida Profit Corporation. Defendant has a place of business in Broward County, Florida, where Plaintiff worked.

4. Defendant, One At Home, was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Broward County, Florida, within this Honorable Court's jurisdiction.

## General Allegations

6. Plaintiff Miroslava Corcho brings this cause of action as a collective action to recover from the Defendant overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended 29 USC § 201 *et seq* (the "FLSA or the "Act"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after March 2021, (the "material time") without being adequately compensated.

7. Defendant One At Home is a full-service healthcare agency that provides home healthcare services to seniors and individuals with disabilities.

8. Defendant One At Home is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r)(1), (2) (A), and 203(s)(1). Defendant is a home healthcare agency that provides home healthcare services to the elderly and infirm. This home healthcare agency is "primarily engaged in the care of the sick, the aged, or the mentally ill" within the meaning of Section 3(s)(1)(B) of the FLSA, and therefore Defendant is an enterprise subjected to FLSA coverage.

9. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a home healthcare aide providing home healthcare services. To perform her work, Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

10. Defendant One At Home employed Plaintiff Miroslava Corcho from approximately May 2017. Plaintiff continues working with Defendant. To this date Plaintiff has been employed with Defendant for almost seven years. However, for FLSA purposes, Plaintiff's relevant employment period is 135 weeks. Approximately, since November 2023, Plaintiff has not work more than 40 hours.

11. Plaintiff was hired as a home healthcare aide for mostly elderly patients. Plaintiff performed her services at patients' private homes. Plaintiff provided personal care, including bathing, dressing, grooming, etc. Plaintiff was required to use her own vehicle to perform these visits.

12. During her employment, Plaintiff was paid a piece rate. Plaintiff was paid $15.00 per visit or service.

13. Defendant assigned Plaintiff an average of 62 patients in one week. Thus, Plaintiff earned an average of $930.00 weekly.

14. While employed with Defendant, Plaintiff had an irregular schedule. Plaintiff worked five days per week, daytime and nighttime shifts. Plaintiff worked from Monday to Friday for more than 40 hours. Until October 2023, Plaintiff worked an average of 75 hours weekly, Plaintiff did not take bonafide lunchtime periods.

15. Every week, Plaintiff worked more than 40 hours weekly but was not paid for overtime hours, as required by law.

16. During her employment with Defendant, Plaintiff Miroslava Corcho was wrongly classified as an "Independent Contractor." However, she was an employee of Defendant under the FLSA and IRS regulations.

17. Plaintiff was an employee of Defendant, under the protection of FLSA regulations because; 1) Plaintiff was a full time employee working a pre-set regular schedule; 2) Plaintiff worked for Defendant consistently more than 40 hours weekly for a period of more than 6 years; 3) Plaintiff depended exclusively of her employment with Defendant, and during her period of employment, she did not have any other job; 4) Defendant had absolute control over Plaintiff's hours of work, they provided Plaintiff with her work schedule and assigned her duties and tasks; 5) Due to the nature of the business, Defendant monitored Plaintiff closely; 6) Plaintiff did not have any discretion to perform her work assignments or authority to refuse them; 7) The work performed by Plaintiff was an integral part of the Defendant' business; 8) Plaintiff performed her work exclusively for Defendant's customers; 9) Every day Plaintiff reported to work as scheduled by Defendant and performed her duties following instructions from Defendant.

18. By reason of the foregoing, Plaintiff Miroslava Corcho was an employee of One At Home, within the meaning of 29 U.S.C. § 203(e)(1).

19. Defendant was the employer of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and it was required to comply with the mandates of the FLSA as it applied to Plaintiff and other similarly situated individuals.

20. Plaintiff and other similarly situated individuals were required to maintain and pay for safe, clean, legally operable, and insured vehicles. Plaintiff used her own personal vehicle to perform her work.  Nevertheless, Plaintiff was not reimbursed for car expenses such as gasoline, tolls, car maintenance, and car insurance.  These car expenses were business costs that Defendant should pay and be reimbursed to Plaintiff.

21. Every week, Plaintiff worked regularly more than 40 hours weekly.  However, due to her misclassification as an independent contractor, Plaintiff did not receive any additional payment for overtime hours.

22. Plaintiff was paid per visit, regardless of the hours worked. Plaintiff was not paid for overtime hours, as required by law.

23. Furthermore, Defendant did not pay Plaintiff the hours spent driving from one job site to another job site during the regular workday. This travel time was part of Plaintiff's principal activity and must be counted as hours worked. As a result, Defendant failed to pay Plaintiff for many hours of compensable time.

24. Plaintiff was not paid for travel time at any rate, not even at the minimum wage rate as required by law. The unpaid travel time constitutes additional unpaid overtime hours that should be paid at the rate of time and one-half her regular rate.

25. Plaintiff did not clock in and out, but Defendant could track the hours worked by Plaintiff and other similarly situated individuals.

26. Therefore, Defendant willfully misclassified Plaintiff and failed to pay her overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

27. Plaintiff received her bi-weekly payment by direct deposits with paystubs that did not provide accurate information about the wage rate paid, the number of days and hours worked, etc.

28. Plaintiff complained many times to her superiors about unpaid overtime hours and car expenses.

29. After October 31, 2023, approximately, Defendant reduced Plaintiff's number of visits.

30. Plaintiff Miroslava Corcho seeks to recover unpaid half-time overtime wages for every hour worked over 40 during her employment, including travel time liquidated damages and any other relief as allowable by law. The plaintiff also requests reimbursement of car expenses.

## Collective Action Allegations

31. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq*. ("the Act"). Section 216 (b) for jurisdictional placement).

32. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by misclassifying Plaintiff and other similarly situated individuals as Independent Contractors and by failing to pay them the proper compensation for every regular and overtime hour at the rate of time and one-half their regular rate.

33. This action is intended to include every home healthcare employee and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

34. Plaintiff Miroslava Corcho re-adopts every factual allegation stated in paragraphs 1-33 above as if set out in full herein.

35. Plaintiff Miroslava Corcho brings this cause of action as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "Act") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after March 2021, (the "material time") without being adequately compensated.

36. Defendant One At Home employed Plaintiff Miroslava Corcho from approximately May 2017. Plaintiff continues working with Defendant. To this date Plaintiff has been employed with Defendant for almost seven years. However, for FLSA purposes, Plaintiff's relevant employment period is 135 weeks. Approximately, since November 2023, Plaintiff did not work more than 40 hours.

37. Plaintiff was hired as a home healthcare aide for mostly elderly patients. Plaintiff performed her services at patients' private homes.

38. During her employment, Plaintiff was paid a piece rate. Plaintiff was paid $15.00 per visit or service.

39. Defendant assigned Plaintiff an average of 62 patients in one week. Thus, Plaintiff earned an average of $930.00 weekly.

40. While employed with Defendant, Plaintiff had an irregular schedule. Plaintiff worked five days per week, daytime and nighttime shifts, an average of 75 hours weekly; Plaintiff did not take bonafide lunchtime periods.

41. During her employment with Defendant, Plaintiff Miroslava Corcho was wrongly classified as an "Independent Contractor." However, she was an employee of Defendant under the FLSA and IRS regulations.

42. By reason of the foregoing, Plaintiff Miroslava Corcho was an employee of One At Home, within the meaning of 29 U.S.C. § 203(e)(1).

43. Defendant were the employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA as it applied to Plaintiff and other similarly situated individuals.

44. Plaintiff worked more than 40 hours a week. However, due to her misclassification as an independent contractor, She did not receive any additional payment for overtime hours.

45. Furthermore, Defendant did not pay Plaintiff the hours spent driving from one job site to another job site during the regular workday. This travel time was part of Plaintiff's principal activity and must be counted as hours worked. As a result, Defendant failed to pay Plaintiff for many hours of compensable time.

46. Plaintiff was not paid for travel time at any rate, not even at the minimum wage rate as required by law. The unpaid travel time constitutes additional unpaid overtime hours that should be paid at the rate of time and one-half her regular rate.

47. In addition, Plaintiff and other similarly situated individuals were required to maintain and pay for safe, clean, legally operable, and insured vehicles. Plaintiff used her own personal vehicle to perform her work.  Nevertheless, Plaintiff was not reimbursed for car expenses such as gasoline, tolls, car maintenance, and car insurance.  These car expenses were business costs that should be paid by Defendant and should be reimbursed to Plaintiff.

48. Plaintiff was paid per visit, regardless of the hours worked. Plaintiff was not paid for overtime hours, as required by law.

49. Plaintiff did not clock in and out, but Defendant could track the hours worked by Plaintiff and other similarly situated individuals.

50. Therefore, Defendant willfully misclassified Plaintiff and failed to pay her overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

51. Plaintiff received her bi-weekly payment by direct deposits with paystubs that did not provide accurate information about the wage rate paid, the number of days and hours worked, etc.

52. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendant.  However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Therefore, Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

53. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

    *Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

      Twenty-Nine Thousand Two Hundred Ninety-Five Dollars and 00/100 ($29,295.00)

  b. <u>Calculation of such wages:</u>

    Total period of employment: more than 6 years
    Relevant weeks of employment:  135 weeks
    Total hours worked:  75 hours weekly average
    Total unpaid O/T hours:  35 overtime hours
    Piece rate paid: $15.00 per visit x 62 average visits=$930.00 weekly
    Paid weekly: $930.00:75 hours=$12.40 an hour x 1.5=$18.60 O/T
    O/T $18.60-$12.40 rate paid=$6.20 O/T difference/half-time
    Half-time: $6.20 an hour

    Half-time $6.20 x 35 O/T hours=$217.00 weekly x 135 weeks=$29,295.00

  c. <u>Nature of wages (e.g., overtime or straight time):</u>[1]

54. At all times material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

55. Defendant One At Home knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remained owing Plaintiff and those similarly situated these overtime wages, as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

56. Defendant One At Home willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States,

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations. The amount of car expenses will be provided after discovery.

and remains owing Plaintiff these overtime wages since the commencement of her employment with Defendant, as set forth above.

57. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable Attorney's fees.

## Prayer for Relief

Wherefore, Plaintiff Miroslava Corcho and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Miroslava Corcho and other similarly situated individuals and against Defendant One At Home based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Miroslava Corcho actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Miroslava Corcho demands trial by a jury of all issues triable as of right by a jury.

Date: March 31, 2024

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.

Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*