UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60529-LEIBOWITZ/AUGUSTIN-BIRCH

**MIROSLAVA CORCHO,**

 **Plaintiff,**

v.

**ACCREDITED HOME HEALTH CARE
OF BROWARD, INC.,**

 **Defendant.**
_____/

**REPORT AND RECOMMENDATION ON JOINT MOTION TO APPROVE
SETTLEMENT OF FLSA CLAIMS AND DISMISS THE ACTION WITH PREJUDICE**

 This cause comes before the Court on the parties' Joint Motion to Approve Settlement of FLSA Claims and Joint Motion to Dismiss the Action with Prejudice. DE 26. The Honorable David S. Leibowitz, United States District Judge, referred the Joint Motion to the undersigned United States Magistrate Judge. DE 24. The Court has carefully considered the Joint Motion and the record and is otherwise fully advised in the premises. For the following reasons, the Court recommends that the Joint Motion be **GRANTED**, that the Settlement Agreement be **APPROVED**, and that this case be **DISMISSED WITH PREJUDICE**.

 Plaintiff Miroslava Corcho filed this action against Defendant Accredited Home Health Care of Broward, Inc., her employer, alleging that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay her the full overtime wages she was owed. DE 1. Under the terms of the parties' Settlement Agreement, Plaintiff will receive $25,000, and her counsel will receive $7,500 for fees and costs. DE 26-1 at 1. The $25,000 Plaintiff will receive is split between $12,500

for the payment of alleged unpaid overtime wages and $12,500 for payment of alleged liquidated damages. *Id.*

A settlement resolving an FLSA claim must either be presented to the Secretary of Labor or be scrutinized by a court for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). In reviewing the fairness of a settlement of an FLSA claim, a court determines whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1355. The court considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

In their Joint Motion, the parties discuss the *Leverso* factors for the Court. First, the parties state that they are represented by counsel experienced in FLSA matters and decided to settle because of the inherent risks and substantial costs of litigation. DE 26 at 4. Thus, the parties assert there was no fraud or collusion behind the settlement. *Id.* Second, the parties note that preparing for trial would have involved analysis of hundreds of documents and multiple depositions. *Id.* Therefore, the potential expense of litigation to Defendant is greater than the settlement amount, and Plaintiff acknowledges that the length of litigation and risk of losing at trial weighs in favor of settlement. *Id.* Third, the parties assert that this settlement was completed at the pleading stage before the parties needed to engage in extensive discovery. *Id.* Fourth, the parties state that they disputed several material issues, such as whether Plaintiff worked any compensable time without compensation, the number of overtime hours Plaintiff allegedly worked each workweek, whether

Plaintiff was exempt from the FLSA, and whether Plaintiff was entitled to liquidated damages. *Id.* Fifth, the parties acknowledge that litigation posed a risk of uncertainty for both sides, and the parties agreed to settle in order to eliminate this uncertainty and prevent additional expenditure of fees and costs. *Id.* at 5. Lastly, the parties' counsel maintain that the settlement is a fair and reasonable resolution of Plaintiff's FLSA claims. *Id.*

The Court has considered the parties' arguments and has conducted its own review of the record. The Court notes that the parties notified the Court of their settlement approximately one month after Plaintiff commenced this case, likely before meaningful discovery had begun and before any mediation, settlement conference, or motion practice. The parties' early settlement avoided additional accumulation of fees and costs. Both parties had the assistance of counsel in resolving this case, and the Court has no reason to believe that the settlement is a product of fraud or collusion. The Court concludes that application of the *Leverso* factors to this case demonstrates that the parties' settlement is fair and reasonable.

The Court now turns to the provisions of the Settlement Agreement. The Settlement Agreement contains a release clause, DE 26-1 at 3, and some courts decline to approve FLSA settlement agreements that contain general releases. *E.g., Vega v. Ya Guan USA LLC*, No. 19-24902-CIV, 2021 WL 8946186, at *2 (S.D. Fla. Aug. 24, 2021); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) ("Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate."). The release clause here, however, is not a general release. Instead, Plaintiff is only releasing any claims she had that relate to her compensation in connection with her employment at Defendant as of the date of the Settlement Agreement. *See* DE 26-1 at 3. As such, the Court concludes that the release clause is fair and reasonable.

A court must evaluate the reasonableness of any attorney's fees included as part of an FLSA settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). As part of the Settlement Agreement, Plaintiff's counsel will receive $7,500 for fees and costs. DE 26-1 at 2. The parties state that they negotiated counsel's payment separate and apart from Plaintiff's recovery and that counsel's payment did not adversely affect Plaintiff's recovery. DE 26 at 5. Plaintiff's counsel attached billing records to the Joint Motion, and these records reflect costs of $500 and fees of $7,520 for 18.8 hours of work at a rate of $400 per hour. DE 26-2 at 7. Plaintiff's counsel states that he has over 17 years of experience litigating employment related matters, *id.* at 2, and that courts in the Southern District of Florida have previously approved $400 as a reasonable hourly rate for him. *E.g., Ferrer v. TK Promotions, Inc.*, No. 1:21-CV-20929, 2023 WL 4295319, at *4 (S.D. Fla. June 29, 2023) ("[T]he undersigned finds that . . . $400.00 per hour is a reasonable rate for Mr. Palma."); *Moreira v. Fast 6 of Am. Nationwide Servs. Inc.*, No. 22-cv-21578, 2022 WL 17583732, at *1 (S.D. Fla. Sept. 28, 2022) ("I find that Plaintiff's counsel's $400.00 per hour billing rate is reasonable under the circumstances."), *report and recommendation adopted*, 2022 WL 17583734 (S.D. Fla. Oct. 12, 2022). The Court likewise finds the $400 hourly rate reasonable and finds the number of hours billed to be in keeping with the juncture at which the case settled. Accordingly, the Court concludes that the $7,500 payment to be made to Plaintiff's counsel under the Settlement Agreement for fees and costs is reasonable.

The Court has reviewed the remaining clauses of the Settlement Agreement. They include standard provisions such as an acknowledgement of having read the Settlement Agreement, a

statement of joint authorship, and a choice-of-law provision. *See* DE 26-1 at 3–4. The Court concludes that the Settlement Agreement is fair and reasonable in its entirety.

Accordingly, the Court recommends that the parties' Joint Motion to Approve Settlement of FLSA Claims and Joint Motion to Dismiss the Action with Prejudice [DE 26] be **GRANTED** and that the Settlement Agreement [DE 26-1] be **APPROVED**. The Court further recommends that this case be **DISMISSED WITH PREJUDICE**.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 17th day of June, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE